## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| IN RE: **SIMONE GOSS,** | CASE NO. 22-30365-JPS |
| DEBTOR. | CHAPTER 13 |
| **SIMONE GOSS,** | |
| PLAINTIFF, | ADVERSARY PROCEEDING |
| v. | |
| **RECOVERY OF JUDGMENT** and **VOX FUNDING LLC**, | |
| DEFENDANTS. | |

## COMPLAINT

COMES NOW the above-named Plaintiff(s), by and through the undersigned counsel, and hereby files this Complaint for sanctions and damages for Defendant's violation of the bankruptcy automatic stay, 11. U.S.C. § 362. In support of the Complaint, Plaintiff shows this Honorable Court as follows:

1. The Plaintiff commenced her bankruptcy case on July 12, 2022 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code in this Court, along with completed schedules (the "Petition").

2. This Adversary Proceeding is a core proceeding as defined by 28 U.S.C.§§ 157(b)(2), and is being brought in connection with Plaintiff's case under Chapter 7 of Title 11 of the Bankruptcy Code, case number 22-30365-JPS, now pending in this Court (the "Bankruptcy Case").

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1408, *et. seq.*

## PARTIES

5. Plaintiff is a natural person who is a resident of Walton County, Georgia.

6. Upon information and belief, Defendant Recovery of Judgment (hereinafter "RoJ") is a corporation organized under the laws of the State of New York and does business within the State of Georgia, particularly within Walton County, Georgia.

7. Upon information and belief, Defendant RoJ has not named a registered agent for service of process. However, Defendant RoJ has a general counsel named Nicholas Benedetto who may be served at Defendant RoJ's primary place of business at 1407 Broadway, 29th Fl, New York, NY 10018.

8. Defendant Vox Funding, LLC (hereinafter "Vox") is a limited liability company organized under the laws of the state of Delaware and does business within the state of Georgia, particularly within Walton County, Georgia.

9. Defendant Vox has a registered agent for service of process named Stellar Corporate Services LLC with a service address of 3500 South Dupont Highway, Dover, DE 19901.

10. At all times relevant to this Complaint, Defendant RoJ was acting as an agent of Defendant Vox for the purpose of collecting a debt.

11. Defendants are subject to the jurisdiction and venue of this Court.

## FACTS RELEVANT TO ALL COUNTS

12. An order for relief was entered by the Court in the Bankruptcy Case on July 12, 2022.

13. Plaintiff listed a pre-petition debt owed to Defendant Vox (the "Debt") on schedule E/F of her bankruptcy filings, with the address of Defendant Vox specified as 132 e 43rd Street, Suite 311, New York, NY 10017.

14. Plaintiff listed Defendant RoJ as an additional notice party for the Debt with an address of 352 7th Avenue, Suite 907, New York, NY 10010.

15. The Bankruptcy Noticing Center sent Defendant Vox notice of the Bankruptcy Case on July 15, 2022 both by electronic transmission and by mail to 132 E 43rd Street, Suite 311, New York, NY 10017-4019. *See Certificate of Mailing by BNC of Notice of Meeting of Creditors* at Doc. No. 8 in the Bankruptcy Case.

16. The Bankruptcy Noticing Center mailed Defendant RoJ notice of the Bankruptcy Case on July 15, 2022 to 352 7th Avenue, Suite 907, New York, NY 10010. *See Certificate of Mailing by BNC of Notice of Meeting of Creditors* at Doc. No. 8 in the Bankruptcy Case.

17. On or about June 27, 2022 Defendant Vox had obtained a judgment against Debtor for the pre-petition Debt.

18. Prior to the filing of the Bankruptcy Case, Defendant RoJ placed a hold on Plaintiff's accounts with Webster Bank, Cash App, PayPal, and Stripe (the "Accounts") in an attempt to collect the Debt.

19. In addition to placing the hold on the Accounts, Defendants obtained money from the Accounts.

20. Plaintiff has been unable to access or use the Accounts since Defendants placed the hold on them.

21. Plaintiff has been unable to access or use the funds in the Accounts since Defendants placed the hold on them.

22. Defendants have retained money they obtained from the Accounts after the filing of the Bankruptcy Case which belongs to the Plaintiff.

23. After the filing and mailing of notices of the Bankruptcy Case, Defendants continued to keep the hold in place on the Accounts in attempt to collect the Debt.

24. Defendants have not returned any of the money they obtained from the Accounts.

25. On July 21, 2022 Plaintiff's counsel sent Defendant RoJ an email to support@recoveryofjudgment.com informing them that their post-petition debt collection activity against Plaintiff was a violation of the bankruptcy automatic stay and they needed to cease all such activity immediately.

26. Defendants did not respond to Plaintiff's counsel's July 21, 2022 email and kept the holds on the Accounts in place.

27. On August 10, 2022, Plaintiff's counsel mailed Defendant RoJ a letter again informing them that their post-petition debt collection activity against Plaintiff was a violation of the bankruptcy automatic stay and they needed to cease all such activity immediately.

28. Defendants did not respond to Plaintiff's counsel's August 10, 2022 email and kept the holds on the Accounts in place.

29. As of the date of filing this Complaint, Defendants have not released the holds on the Accounts or returned any money obtained from the Accounts.

30. Defendants' ongoing post-petition debt collection attempts have caused Plaintiff distress, confusion, embarrassment and anxiety.

31. Plaintiff has been harmed by the loss of access and use of the Accounts and the funds therein.

32. The longer the time has gone by without access to her Accounts, Plaintiff has become increasingly distressed, believing that the bankruptcy was not providing the relief she expected and that she would continue to be harassed or worse for failure to pay the pre-petition Debt owed to Defendant Vox.

33. As of the date of this Complaint, Plaintiff remains fearful and uncertain as to whether the Defendants will ever stop harassing her about the pre-petition Debt.

## COUNT I
## Violation of the Automatic Stay of 11 U.S.C. § 362(a)

34. Defendants' knowledge of Plaintiff's Bankruptcy Case and ongoing collection attempts against Plaintiff for a pre-petition Debt constitutes a willful and knowing violation of the automatic stay provisions of 11 U.S.C. § 362(a).

35. Defendants' collection attempts against Plaintiff constitute the continuation of a judicial, administrative, or other action or proceeding against the Plaintiff that was or could have been commenced before the commencement of the Bankruptcy Case, or to recover a claim against the Plaintiff that arose before the commencement of the Bankruptcy Case, and are a direct violation of 11 U.S.C. § 362(a)(1).

36. Defendants' collection attempts against Plaintiff constitute the enforcement, against the Plaintiff or against the property of the estate, of a judgment obtained before the commencement of the Bankruptcy Case, and are a direct violation of 11 U.S.C. § 362(a)(2).

37. Defendants' collection attempts against Plaintiff constitute an act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate, and are a direct violation of 11 U.S.C. § 362(a)(3).

38. Defendants' collection attempts against Plaintiff constitute acts to recover or collect a claim against Plaintiff that arose before the commencement of the Bankruptcy Case, and are a direct violation of 11 U.S.C. § 362(a)(6).

39. Plaintiff has been harmed by Defendants' violation of the automatic stay provisions. Pursuant to 11. U.S.C. § 362(k), Plaintiff is entitled to actual damages, costs, and attorney's fees arising out of Defendants' knowing and willful violation of the automatic stay.

40. Defendants' behavior is particularly egregious in that they have continued to exercise control over Plaintiff's Accounts and funds for nearly 2 months even after they have received multiple

notices of the Bankruptcy Case from this Court and from Plaintiff's counsel both by mail and electronically.

41. Pursuant to 11 U.S.C. § 362(k), punitive damages should be awarded against the Defendants for their egregious and intentional violation of the automatic stay for its benefit.

WHEREFORE, PLAINTIFF prays for the following relief:

(a) That the Court issue a judgment finding Defendants liable for violations of the Automatic Stay;

(b) Actual damages pursuant to 11. U.S.C. § 362(k);

(c) Costs of litigation and reasonable attorney's fees pursuant to 11. U.S.C. § 362(k);

(d) Punitive damages pursuant to 11. U.S.C. § 362(k); and

(e) For such other and further relief as this Court deems just and proper.

Dated: August 25, 2022.

Respectfully submitted,

Honsalek Law, LLC
414 Pine Grove Ave., 2nd Floor
Grayson, GA 30017
Phone: 404-913-6992
Email: brandon@honsalek.com

/s/ Brandon K. Honsalek
Brandon K. Honsalek
Georgia Bar No. 742962
*Attorney for Plaintiff(s)*